IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY BLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-01011-SMY |
| | ) |
| SARAH JOHNSON | ) |
| and APRIL RANKIN-WAMPLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terry Blake, an inmate at Robinson Correctional Center ("Robinson"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1) for the alleged deprivation of his constitutional rights at Robinson. In the complaint, Plaintiff claims that April Rankin-Wampler (Robinson case worker supervisor) and Sarah Johnson (Illinois Department of Corrections ("IDOC") Administrative Review Board member) mishandled his grievances in violation of IDOC regulations and his First and Eighth Amendment rights. (Doc. 1, p. 5). Plaintiff seeks five million dollars in damages. *Id.* at 6.

## Merits Review Pursuant to 28 U.S.C. § 1915A

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive preliminary review under this standard and shall be dismissed.

## The Complaint

In the complaint, Plaintiff claims that Robinson mishandled the Administrative Review Board's ("ARB") response to his grievance appeal on February 13, 2015. (Doc. 1, p. 5). Plaintiff received the response in the form of a letter from C/O Hays. The letter was in an envelope that had Plaintiff's name and inmate number on the front. It was labeled "confidential" on the front and back. The envelope was not postmarked and had no return address. Instead of the ARB's address, "Robinson Correctional Center" was listed in the upper left-hand corner.

Plaintiff filed a grievance to complain about the manner in which the response was transmitted to him. He maintained that this method of response violates 20 ILL. ADMIN. CODE § 525.110, which "state[s] clearly that any mail from the 'Administrative Review Board' is privileged mail[.]" *Id*. Plaintiff suggests that a Robinson official opened his privileged mail from the ARB, read the response to his grievance appeal, and then placed the response in a new envelope before delivering it to Plaintiff.

Defendants Johnson and Rankin-Wampler denied Plaintiff's grievance. They both indicated that the mail at issue is not considered privileged. They explained that Defendant Johnson routinely sends batches of responses to grievance appeals in a box to Defendant Rankin-Wampler, who then sorts the responses and distributes them to inmates. According to Plaintiff, this also violates the Illinois Administrative Code. *Id*.

Plaintiff now sues Johnson and Rankin-Wampler for exhibiting deliberate indifference to the Illinois Administrative Code and IDOC regulations, which he claims violates the Eighth Amendment. He also asserts a claim against the same defendants for mishandling his grievances, which he claims violates the First Amendment. *Id*. Plaintiff seeks five million dollars in damages. *Id*. at 6.

## Discussion

The complaint articulates no viable claim against the defendants for mishandling the response to Plaintiff's grievance appeal under 20 ILL. ADMIN. CODE § 525.110 (**Count 1**). Illinois courts have recognized that prison regulations were "*never* intended to confer rights on inmates or serve as a basis for constitutional claims." *Ashley v. Snyder*, 316 Ill. App. 3d 1252 (Ill. App. Ct. 2000) (emphasis in original) (citing *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). Instead, IDOC regulations were "designed to provide guidance to prison officials in the

administration of prisons." *Ashley*, 316 Ill. App. 3d at 1258.  **Count 1** states no claim upon which relief may be granted and shall be dismissed with prejudice.

The complaint also supports no Eighth Amendment claim against the defendants for exhibiting deliberate indifference toward § 525.110 (**Count 2**).  The Eighth Amendment prohibits "cruel and unusual punishment" of prisoners.  U.S. CONST. amend. VIII.  Prisoners typically rely on the Eighth Amendment when bringing claims against prison officials for responding to their serious medical needs with deliberate indifference or subjecting them to unconstitutional conditions of confinement.  However, the Eighth Amendment does not support a claim for deliberate indifference toward prison regulations addressing grievances or prisoner mail.  Because the complaint states no Eighth Amendment claim upon which relief may be granted, **Count 2** shall also be dismissed with prejudice.

Sometimes, claims related to the mishandling of grievances are brought pursuant to the Fourteenth Amendment Due Process Clause (**Count 3**).  The Court routinely dismisses such claims.  This is because prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" for relief.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  **Count 3** shall be dismissed with prejudice as well.

Prisoners have a fundamental right of meaningful access to the courts under the Fourteenth Amendment, but the allegations in the complaint support no such claim (**Count 4**) against the defendants.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Violations of this right may be

vindicated in federal court, *e.g.*, in a civil rights action pursuant to § 1983.  To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

      Plaintiff's claim is rooted in his inability to exhaust his administrative remedies prior to filing suit.  There are three problems with such a claim.  First, the complaint does not mention the claim.  Second, Plaintiff filed this lawsuit well within the applicable statute of limitations period, undercutting any claim that the defendants denied him access to the courts.  Third, even if Plaintiff alleged that the interference with his grievances prevented him from exhausting his administrative remedies and filing suit, prison remedies are deemed exhausted where "prison officials were responsible for the mishandling of [a prisoner's] grievance."  *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  Under the circumstances, the complaint does not support a denial of access to courts claim under the Fourteenth Amendment, and **Count 4** shall also be dismissed.  However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file an amended complaint that includes this claim.

      Finally, Plaintiff's related First Amendment claim for interference with "privileged" mail (**Count 5**) fares no better.  The Supreme Court has recognized that inmates have a First Amendment right to send and receive mail.  *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citations omitted)).  Prison regulations that affect a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests."  *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989).  However, this right does not preclude prison officials from

inspecting mail to ensure that it does not contain contraband. *Rowe*, 196 F.3d at 782 (citing *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986)). *See also Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

An inmate's *legal* mail is entitled to greater protections. *Rowe*, 196 F.3d at 782. The Supreme Court has recognized that "[p]rison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id*. at 782 (citing *Lewis v. Casey*, 518 U.S. 343, 1996)). Still, the inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990). Likewise, "an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action ground upon the First Amendment." *Rowe*, 196 F.3d at 782. *See also Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic disruption of mail service does not violate the Constitution). A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000).

The only incident described in the complaint occurred on February 13, 2015. The allegations offered in support of this claim are sketchy at best. It is unclear whether Plaintiff actually claims that the defendants, or someone else, intercepted and read his mail. What is clear is that a single incident of interference with mail is insufficient to support a First Amendment mail interference claim, even at this early stage in litigation. Therefore, the Court finds no basis for proceeding with this claim as it is currently pleaded, and it shall be dismissed.

However, **Count 5** shall be dismissed without prejudice, and Plaintiff shall be granted leave to file an amended complaint. Plaintiff alleges that he experienced other similar incidents at Robinson. He offers no details. Plaintiff shall be given an opportunity to describe each of the

instances in which the defendants interfered with his mail in an amended complaint. If he chooses to pursue this claim any further, Plaintiff must follow the instructions for amending his complaint in the below "Disposition" section.

## Pending Motions

**1.     Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff has filed a motion for service of process at government expense, which is hereby **HELD IN ABEYANCE** pending receipt of the first amended complaint.

**2.     Motion to Appoint Counsel (Doc. 3)**

Plaintiff has also filed a motion to appoint counsel, which shall be denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has allegedly attempted to secure counsel. His requests were denied. The Court finds that Plaintiff's attempts to secure counsel have failed.

Plaintiff also alleges that he has "some" college education and no other health or mental health issues. His claim is not particularly complex, and Plaintiff has demonstrated an ability to describe the underlying factual basis for the claim in writing. Plaintiff's motion for recruitment of counsel (Doc. 3) is therefore **DENIED**. However, the denial is without prejudice, and the Court remains receptive to the idea of recruiting counsel should Plaintiff wish to renew his request at any time after filing his first amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. **COUNTS 4** and **5** are **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before December 18, 2015.** Should Plaintiff fail to file his first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a first amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each

defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the Fourteenth Amendment access to courts claim (**Count 4**) and First Amendment mail interference claim (**Count 5**) will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. The first amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**DATED: November 13, 2015**

s/ STACI M. YANDLE
**U.S. District Judge**
