**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TERRY BLAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-01011-SMY** |
| | ) | |
| **SARAH JOHNSON** | ) | |
| **and APRIL RANKIN-WAMPLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 9) filed by Plaintiff Terry Blake, a prisoner who is currently incarcerated at Robinson Correctional Center ("Robinson"). Plaintiff claims that April Rankin-Wampler (Robinson case worker supervisor) and Sarah Johnson (Administrative Review Board ("ARB") member) devised a system for sorting and distributing ARB responses to inmate appeals that violates his First and Fourteenth Amendment rights. He seeks monetary relief (*id.*).

According to the First Amended Complaint, Defendant Johnson routinely sends Defendant Rankin-Wampler large batches of ARB responses to inmate grievance appeals. Rather than sending each response in a separate sealed envelope, Defendant Johnson places them together in a box. Upon receipt of this box, Defendant Rankin-Wampler sorts through each response, places it in an envelope, marks the envelope "confidential" and then sends it to the inmate through the prison mail system (Doc. 1, pp. 5-7).

This practice allegedly allows Defendant Rankin-Wampler to review Plaintiff's incoming privileged mail outside of his presence (*id*. at 5).  On at least two occasions,[1] Plaintiff has received ARB responses in this manner.  He was not present during the inspection of either and he allegedly received both after a long delay (*id*.).  Plaintiff is not sure whether the responses were actually from the ARB or included all associated documents.

Plaintiff contends that this practice violates the Illinois Administrate Code, which defines "[i]ncoming privileged mail" to include mail from "[m]embers of the Administrative Review Board."  *See* 20 ILL. ADMIN. CODE § 525.110.  The ARB responses, like all other privileged mail, "may be opened in the presence of the offender to whom it is addressed to inspect for contraband, to verify the identity of the sender, and to determine that nothing other than legal or official matter is enclosed."  20 ILL. ADMIN. CODE § 525.140(b).  According to Plaintiff, the practice of processing ARB responses outside of an inmate's presence runs afoul of these regulations.  Defendants disagree (*id*. at 6).  They insist that ARB responses are not considered privileged mail.  For this reason, the responses require no special handling (*id*.).

The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's First Amended Complaint survives screening under this standard and is subject to further review.

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

---

[1] The two instances that Plaintiff describes in detail occurred on July 18, 2014 and February 13, 2015. However, the allegations suggest that this practice affected Plaintiff on other occasions as well.

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts.

**Count 1:** Defendants routinely mishandled Plaintiff's incoming communications from the ARB in violation of 20 ILL. ADMIN. CODE § 525.110.

**Count 2:** Defendants exhibited deliberate indifference toward Plaintiff's incoming communications from the ARB in violation of the Eighth Amendment.

**Count 3:** Defendants mishandled Plaintiff's grievances in violation of the Fourteenth Amendment Due Process Clause.

**Count 4:** Defendants violated Plaintiff's fundamental right to meaningful access to the courts in violation of the Fourteenth Amendment.

**Count 5:** Defendants interfered with Plaintiff's privileged mail in violation of the First Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion regarding their merit.

## Discussion

### Counts 1, 2, and 3

The Court dismissed Counts 1, 2, and 3 with prejudice in its initial screening order (Doc. 8, pp. 3-4).  Plaintiff is now precluded from pursuing these claims.  Accordingly, Counts 1, 2 and 3 remain dismissed with prejudice.

### Count 4

Turning to Count 4, the Court finds that the First Amended Complaint states no claim against the defendants for denying Plaintiff meaningful access to the courts. *Bounds v. Smith*,

430 U.S. 817 (1977).  To state a claim, Plaintiff must explain how the defendants' interference with his privileged mail prevented him from pursuing a legitimate legal claim in court.  *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

The First Amended Complaint describes no such thing.  Plaintiff mentions no lost opportunity to pursue a legal claim in court as a result of the defendants' actions.  *See Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999) (allegation that a defendant acted deliberately or recklessly in causing a prisoner to lose an opportunity to pursue his claim in court is sufficient to state a civil rights claim).  *But see Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation).  Plaintiff's complaint arises from the actual interference with his privileged mail, not any impediments to his pursuit of a legitimate legal claim in court.  The access to courts claim in Count 4 shall therefore be dismissed with prejudice.

## Count 5

Plaintiff's First Amendment claim in Count 5 warrants further review.  The Supreme Court has recognized that inmates have a First Amendment right to send and receive mail.  *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citations omitted)).  Prison regulations that affect a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests."  *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989).  However, this right

does not preclude prison officials from inspecting mail to ensure that it does not contain contraband. *Rowe*, 196 F.3d at 782 (citing *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986)). *See also Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

An inmate's *legal* mail is entitled to greater protections. *Rowe*, 196 F.3d at 782. Even so, the inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990). Likewise, "an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782. *See also Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic disruption of mail service does not violate the Constitution).

A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). This includes a prisoner's claim of ongoing interference with his legal mail. *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304 (7th Cir. 1993). This also includes a prisoner's claim that his legal mail was opened, delayed for an inordinate period of time, and even lost. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).

Here, Plaintiff describes a practice that has resulted in repeated incidents of mail interference and inordinate delays in his receipt of privileged mail. He specifically describes two incidents that occurred on July 18, 2014 and February 13, 2015. However, the allegations suggest that these incidents are part of a broader pattern of mail interference and delays affecting him. Thus, the Court concludes that further review of Count 5 is warranted and this claim shall proceed against Defendants Johnson and Rankin-Wampler.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** remain **DISMISSED** with prejudice.  In addition, **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that with respect to **COUNT 5**, the Clerk of Court shall prepare for Defendants **SARAH JOHNSON** and **APRIL RANKIN-WAMPLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 9), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE
**United States District Judge**